ROBERT A. CHAISSON, Judge.
12This is an appeal by Milco 2003-Uni-versity, LLC (Milco 2003), defendant-appellant, from a summary judgment on a note in favor of Worthmore Capital, LLC (Worthmore), plaintiff-appellant. For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
The following facts are uncontested. In 2004, Worthmore and Milco, two limited liability companies, formed a third limited liability company, University PUD, LLC (UPUD). The purpose of UPUD was to develop an approximately 500 acre tract of land in Baton Rouge. H. Hunter White, III became the manager of UPUD. Mr. White is also affiliated with Worthmore.[1] John H. Counce, III and Kim Miller are the joint managers of Milco 2003. The operating agreement for UPUD provided that in the event loans were made by Worthmore for development expenses, Milco 2003 would be liable for 50% of these amounts.
|sOn May 1, 2008, Worthmore made available $3,000,000 to UPUD, and had a promissory note in its favor executed for this amount. The note is a demand note and provides for interest of 10% per an-num, with default interest of 14%, plus costs and attorney fees. The note is signed twice by John H. Counce, III, once as manager of Milco 2003 and once as a guarantor of Milco 2003. Kim Miller did not sign the note. The note states that it is a “master note” evidencing all advances up to the principal amount, being in effect a line of credit up to $3,000,000.
On February 1, 2010, Worthmore made demand on Milco 2003 for payment of its share of the amounts owing on the note, which share it stated as being $1,356,797.80. Milco 2003 contested this amount and a mediation was held on February 17, 2010. When that mediation failed, Worthmore filed suit on April 12, 2010. Milco 2003 filed its answer on June 17, 2010. The next pleading of record is Worthmore’s motion for summary judgment, filed over one year later on June 28, 2011.
Attached to Worthmore’s motion was an affidavit of John H. Counce, III, in which he recites that as manager of Milco 2003, he has knowledge that the recitations in Worthmore’s petition are true and that Milco 2003 is indebted to Worthmore as follows:
Milco 2003 is liable to Worthmore to the full extent and tenor of Milco 2003’s guaranty of Worthmore’s loan to UPUD. In particular, Milco 2003 is presently liable to Worthmore for: (i) fifty percent of the outstanding principal balance of the UPUD Promissory Note, or the sum of $1,354,461.26; plus (ii) unpaid interest thereon through February 1, 2010 of $21,084.61; plus (iii) default interest accruing at a rate of 14% per annum through March 31, 2010 of $29,518.46, and default interest accruing thereafter at a per diem rate of $519.56 from April 1, 2010 until paid by Milco 2003, together with an award of reasonable attorneys’ fees and collection costs incurred by Worthmore in bringing and prosecuting the above captioned lawsuit. The above amounts properly reflect all credits due to Milco 2003 on the above in *480 debtedness, and Milco 2003⅛ liability to Worthmore under the terms of the guaranty of the |4Promissory Note is not subject to any claims of setoff or compensation.
Also attached to Worthmore’s motion was the deposition testimony of Kim Miller, co-manager of Milco 2003, wherein he acknowledged Mr. Counce’s authority to sign the promissory note on behalf of Milco 2003.
Milco 2003 was represented by David L. Browne from the time it filed its answer on June 17, 2010 until over a year later. When Worthmore filed its motion for summary judgment on June 28, 2011, Mr. Browne apparently was given conflicting instructions by his clients as to what position Milco 2003 would take. Mr. Counce did not wish to oppose the motion, as evidenced by his affidavit in which he basically confessed judgment. Mr. Miller, on the other hand, wished to oppose the motion. On August 8, 2011, Mr. Browne filed a motion to withdraw as counsel for Milco 2003, reciting the above irreconcilable conflict as to how to proceed. Attached to this motion was a copy of an e-mail, dated July 15, 2011, addressed to both Mr. Counce and Mr. Miller informing them of this decision. In the motion to withdraw, Mr. Browne states that on August 8, 2011, he spoke to Mr. Paul Bullington, an attorney, who indicated that he would be representing Mr. Miller, and who agreed to accept service of the motion to withdraw on Mr. Miller’s behalf. Mr. Bullington subsequently appeared as Mr. Miller’s counsel at the hearing on the motion to withdraw on August 29, 2011.
Worthmore’s motion for summary judgment was set for hearing on August 29, 2011, the same day as Mr. Browne’s motion to withdraw. Milco 2003 never filed an opposition to the motion for summary judgment. However, on August 25, 2011, Mr. Miller filed his affidavit, with various attachments, setting forth issues which he contended were both material and in dispute. Worthmore then filed a motion to strike the affidavit on grounds that it was untimely under La. |5C.C.P. art. 966(B), and La. Dist. Ct. R. 9.9 and 9.10. A hearing on this motion was also set on August 29, 2011.
After arguments on August 29, 2011, the trial judge took the matters under advisement. On September 9, 2011, judgment was rendered granting Mr. Browne’s motion to withdraw, granting Worthmore’s motion to strike the affidavit of Mr. Miller, and granting Worthmore’s motion for summary judgment. The summary judgment did not indicate what amounts it was for, but merely recited that the motion was granted. Worthmore timely filed a motion for new trial solely on the issue of providing the actual amounts owing in the judgment. Mr. Miller filed various papers opposing Worthmore’s motion for a new trial and attacking the summary judgment of September 9, 2011, on various grounds, but did not file a motion for a new trial on Milco 2003’s behalf. On November 10, 2011, the trial judge issued an amended judgment in favor of Worthmore and against Milco 2003 in the amounts of $1,354,461.26 in principal, accrued interest through February 1, 2010, of $21,084.61, default interest through March 31, 2010, of $29,518.46, and per diem interest of $519.56 from April 1, 2010, until paid, plus reasonable attorney fees and all costs. Milco 2003 now appeals this judgment.
LAW AND ANALYSIS
The summary judgment procedure is designed to promote the “just, speedy, and inexpensive” resolution of disputes, and is favored. La. C.C.P. art. 966(A)(2). The time limits set forth in District Court Rule 9.9 are applicable to the summary judgment procedure, and that rule requires *481 that the party adverse to the motion for summary judgment must file its opposition at least eight days prior to the hearing on the motion. La. C.C.P. art. 966(B). Untimely filed papers may be excluded by the trial court. Buggage v. Volks Constructors, 2006-0175 (La.5/5/06), 928 So.2d 536. Summary judgments shall be granted when there are no issues of material |6fact in dispute and the moving party is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(1). Appellate courts review summary judgments de novo. State ex rel. DOT v. Central Gulf Towing, 07-166 (La.App. 5 Cir. 10/30/07), 971 So.2d 1163.
Milco 2003 urges four assignments of error. First, it asserts that there was no proof that advances were in fact made to UPUD under the “master note;” second, it contends that there were disputes as to whether UPUD properly applied revenues to obligations other than the note at issue here; third, it argues that the Counce affidavit was improperly obtained and should not have been considered by the court; and fourth, it alleges that adequate discovery had not taken place prior to the court granting the summary judgment.
Before addressing Milco 2003’s specific arguments, we note the following procedural matters of the case. Suit was filed on April 12, 2010, and the answer was filed on June 17, 2010. Worthmore filed its motion for summary judgment on June 28, 2011, over one year after the answer. On June 15, 2011, David L. Browne, Milco 2003’s counsel, notified Mr. Miller that he would have to withdraw from the case due to conflicting instructions from Mr. Miller and Mr. Counce on how to handle the motion for summary judgment, and advising Mr. Miller to retain other counsel. In his motion to withdraw, Mr. Browne recited that on August 8, 2011, he spoke to attorney Bullington, and was informed by this attorney that he would accept service of the motion to withdraw on Mr. Miller’s behalf. It is thus evident that at least as of August 8, 2011, Mr. Miller was aware of the motion for summary judgment and that it was set for hearing on August 29, 2011. No motion to continue the hearing and no opposition to the motion for summary judgment were ever filed by Milco 2003. It was only four days before the hearing that Mr. Miller filed his own affidavit and related papers purporting to show that there |7were issues of material fact in dispute. At no time prior to the hearing did Mr. Miller challenge the Counce affidavit. In response to the Miller affidavit and related papers Worthmore urged a motion to strike this material on grounds that it was filed untimely as per La. C.C.P. art. 966(B) and District Court Rule 9.9, and the affidavit was stricken from the record.
When the motion for summary judgment was considered, the evidence before the court was the affidavit of Mr. Counce in which he recited that he had personal knowledge of the affairs of Milco 2003 and that it was indebted to Worthmore for one-half of the funds loaned to UPUD by Worthmore in the amounts prayed for in the suit on the note, the deposition testimony of Mr. Miller that Mr. Counce was authorized to sign the note on behalf of Milco 2003, a copy of the note, and various other papers showing that Milco 2003 had agreed to be responsible for one-half of the loans made by Worthmore to UPUD.
Milco 2003 first argues here that there was no evidence to show that Worth-more had actually advanced to UPUD the funds claimed. This assertion ignores the affidavit of Mr. Counce in which he represents that he has personal knowledge of these matters and that the amounts claimed by Worthmore are indeed correct. In this Court’s opinion, this unrefuted evi *482 dence was sufficient to sustain a summary-judgment in Worthmore’s favor in the amounts claimed. In a related argument, Milco 2003 alleges that the Counce affidavit should not have been considered by the court because it had been obtained improperly from Mr. Counce by Worthmore’s counsel without the knowledge of Mr. Browne, Milco 2003’s then counsel. Milco 2003 suggests that because parts of the affidavit track the language of Worth-more’s petition it must have been prepared by Worthmore’s counsel and presented to Mr. Counce for his signature. There is no evidence of record to support this claim. Moreover, this affidavit was not attacked | ¡¡prior to the hearing on the motion for summary judgment, and Milco 2003 has not offered any newly discovered evidence to challenge the document. In light of these circumstances, we reject the argument that the affidavit is suspect.
Milco 2003 asserts that during the pertinent times involved in this litigation UPUD sold pieces of the Baton Rouge tract. It further asserts that the funds realized by these sales should have been allocated to the note at issue here, rather than used to satisfy other obligations of the company. The problem with this argument is that it comes too late. We again note that when the motion for summary judgment was heard, there was no opposition to it on file, and no evidence of record, either by way of affidavit or otherwise, to controvert Worthmore’s case. Neither is there any evidence before us to substantiate this claim. We therefore must reject it.
Milco 2003’s final assignment of error is that the summary judgment was ruled on before adequate discovery had taken place. Prior to the hearing, no motions to continue were filed. Further, although Milco 2003 asserts that there were discovery requests outstanding, no motions to compel were ever urged. It is again the case that this argument comes too late to be considered by this Court.
We point out that Milco 2003’s problem here began when it failed to properly oppose the motion for summary judgment. Once Mr. Miller’s affidavit and supporting papers were stricken as untimely and the matter was taken under advisement, he re-filed basically the same material two days after the hearing, but then styled it a post-hearing memorandum. When Worthmore urged a motion for a new trial on the issue of specifying the actual amount of the judgment, Mr. Miller again filed basically the same papers, this time styling them as an opposition to the motion for a new trial. In each instance, Mr. Miller was attempting to introduce evidence which he failed to timely present prior to the hearing on the motion for 19summary judgment. This evidence was never timely and properly placed in the record, and therefore cannot be considered here. We finally note that neither Milco 2003 nor Mr. Miller ever filed their own motion for a new trial, and therefore the issues for consideration at the new trial hearing were limited to those raised by Worthmore, i.e., supplying the dollar amounts of the judgment.
For the foregoing reasons, the summary judgment in favor of Worthmore Capital, L.L.C. and against Milco 2003-University L.L.C. is hereby affirmed.

AFFIRMED

. In all documents of record, Walter Baus appears as the manager of Worthmore. H. Hunter White, III signed the promissory note at issue here as a guarantor for Worthmore. Although Kim Miller asserts that Mr. White is the manager of Worthmore, that issue is not material to resolution of this appeal.